IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA (ORLANDO DIVISION)

DANIEL LUGO,

       Plaintiff,

v.

CLC RESORT MANAGEMENT, LLC,

       Defendant.

Case No.: 6:22-CV-00635-PGB-LHP

**DEFENDANT'S MOTION TO DISMISS COMPLAINT**

Defendant, by and through it's undersigned counsel, files the above referenced motion pursuant to *Fed.R.Civ.P. 12,* and states as follows:

**INTRODUCTION**

Plaintiff is a "tester" of ADA compliance among various places of public accommodation. Defendant is a managing entity of individually owned condominium units that are rented out to the public for short-term rentals. Plaintiff alleges that Defendant has violated the ADA because Defendant's website does not provide an equal opportunity for disabled persons to reserve an accessible room in the same manner a person may reserve a non-accessible room. Furthermore, Plaintiff complains that Defendant's booking website does not describe any accessible room and that Defendant holds all accessible rooms' availability until all non-accessible rooms are first reserved by others.

The very purpose of the American's with Disabilities Act, as amended ("ADA") is to assure equal opportunity, full participation, independent living, and economic self-sufficiency for individuals with disabilities. See 42 U.S.C. §12101(a)(7). In particular, Title III of the ADA seeks to promote physical access to individuals with disabilities in places of public accommodation. Unlike the typical

Title III lawsuit, here, there is no obstinate owner in need of judicial mandate to advance the purpose of the ADA. As set forth more fully herein, this case presents this Court with a perfect scenario within which to reward a proactive Defendant in finding the Plaintiff's action moot, as a matter of law.

Plaintiff seeks a permanent injunction enjoining Defendant from alleged discriminatory practices, ordering Defendant to implement policies consistent with the ADA, to accommodate the disabled, through requiring Defendant to alter and maintain the online reservations system for Regal Oaks in accordance with the requirements set forth in paragraph 7 of the Complaint (Doc. 1), and awarding Plaintiff reasonable attorney's fees, and litigation expenses, including expert fees and costs.

For the reasons set forth herein, Plaintiff's lawsuit is moot as Defendant has made all modifications necessary to comply with the ADA. Additionally, as Plaintiff's lawsuit is moot, Plaintiff is not the "prevailing party" as defined by the Supreme Court of the United States; therefore, Plaintiff's claim for attorney's fees must fail, as a matter of law.

## MEMORANDUM OF LAW AND ARGUMENT

**A.    LEGAL STANDARD – MOTION TO DISMISS**

"It goes without saying that those who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Article III of the Constitution by alleging an actual case or controversy." *City of Los Angeles v. Lyons,* 461 U.S. 95, 101, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983). Further, "[t]he inability of the federal judiciary to review moot cases derives from the requirement of Art. III of the Constitution under which the exercise

of judicial power depends upon the existence of a case or controversy." *DeFunis v. Odergaard,* 416 U.S. 312, 316, 94 S.Ct. 1704, 40 L.Ed.2d 164 (1974).

A case may be considered moot by the voluntary cessation of a defendant's allegedly wrongful conduct, "if the defendant can demonstrate that there is no reasonable expectation that the wrong will be repeated." *United States v. W.T. Grant Co.,* 345 U.S. 629, 633, 73 S.Ct. 894, 97 L.Ed. 1303 (1953). If a case fails to present a case or controversy, a motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) is a proper avenue to dispose of the case. *Linda M. Joyce v. John E. Potter, Post Master General, etc.,* 2006 WL 374319 (M.D. Fla.). To have standing to seek injunctive relief, Plaintiff has the burden of establishing that he or she "has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged . . . conduct." *City of Los Angeles v. Lyons,* 461 U.S. 95, 101–02 (1983) (internal quotation marks and citation omitted). *Munns v. Kerry,* 782 F.3d 402, 411 ("Once a plaintiff has been wronged, he is entitled to injunctive relief only if he can show that he faces a 'real or immediate threat . . . that he will again be wronged in a similar way.'") (*quoting Lyons,* 461 U.S. at 111).

B.   LEGAL STANDARD – MOOTNESS IN ADA CLAIMS

Article III, § 2 of the United States Constitution limits federal jurisdiction to actual cases or controversies. A federal court therefore has an obligation to assure itself a case in controversy exists for the Court to adjudicate. In accordance with the case or controversy requirement of Article III of the Constitution, "federal courts are without power to decide questions that cannot affect the rights of litigants in the case before them." *North Carolina v. Rice,* 404 U.S. 244, 246 (1971). "To qualify as a case fit for federal-court adjudication, 'an

actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.' " *Arizonans for Official English v. Arizona,* 520 U.S. 43, 67 (1997) (*citing Preiser, etc., et al. v. Newkirk,* 422 U.S. 395, 401 (1975)) (citation omitted).  A case is moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome. *See, e.g., Najjar v. Ashcroft,* 273 F.3d 1330 (11th Cir. 2001) (*quoting Ethredge v. Hail,* 996 F.2d 1173, 1175 (11th Cir. 1993)); *Clark v. City of Lakewood*, 259 F.3d 996, 1011 (9th Cir. 2001). "Past exposure to illegal conduct does not in itself show a present case or controversy . . . if unaccompanied by any continuing, present adverse effects." *Renne v. Geary,* 501 U.S. 312, 320-21 (1991). "This requisite ensures that the courts are able to grant effective relief, rather than rendering advisory opinions." *Medical Society of New Jersey v. Herr,* 191 F. Supp. 2d 574, 581 (D.N.J. 2002).

"The only remedy available for a violation of the Americans with Disabilities Act under a private right of action is injunctive relief. Accordingly, if no ADA violations exist at the time the court is asked to provide injunctive relief, the ADA claim is moot because there is no basis for relief and there is nothing for the court to order the facility to change." *Gasper v. Marie Callender Pie Shops,* CV 05-1435 CMB (SSX), 2006 U.S. Dist. LEXIS 96929, *4 (C.D. Cal. June 27, 2006). For these reasons, courts routinely dismiss ADA claims as moot when defendants modify noncompliant items. *See Grove v. De La Cruz,* 407 F. Supp. 2d 1126, 1131 (C.D. Cal. 2005) (holding that defendants' remedial efforts rendered plaintiff's ADA claim moot); *Pickern v. Best Western Timber Cove Lodge Marina Resort,* 194 F. Supp. 2d 1128, 1130 (E.D. Cal. 2002) (same); *Parr v. L & L Drive-Inn Rest.,* 96 F. Supp. 2d 1065, 1087 (D. Haw. 2000) (same); *Independent Living Resources v. Oregon Arena Corp.,* 982 F. Supp. 698, 771 (D. Or. 1997) (same); *Troiano v. Supervisor of Elections in Palm Beach*

*County,* 382 F.3d 1276, 1286 (11th Cir. 2004) (same); *Brother v. CPL Invts.,* Inc., 317 F. Supp. 2d 1358, 1372 (S.D. Fla. 2004) (same); *Access Now, Inc., et al. v. Prime Retail, Ltd.,* No. 02-20287, slip op. at 15 (S.D. Fla. May 1, 2003 (summary judgment for mall where all items were either modified or modifications were not "readily achievable"); and *Access for the Disabled v. Brinker Florida, Inc.,* No. 02–60314–JEM (S.D. Fla. Jan. 15, 2003).

In cases where defendants voluntarily cease or terminate allegedly discriminatory practices, courts must consider whether there can be a reasonable expectation that the defendant will simply re-establish its discriminatory practices after the conclusion of the action. *See Nat'l Adver. Co. v. City of Fort Lauderale,* 934 F.2d 283 (11th Cir. 1991). If such is the case, the defendant's voluntary cessation is insufficient to moot a plaintiff's claim. *Id.* However, the issue of mootness is jurisdictional and the Court must dismiss any claim for which the relief sought is no longer meaningful. *See N.C. v. Rice,* 404 U.S. 244, 246 (1971); *see also Hall v. Beals*, 396 U.S. 45, 48 (1969).

C.    CASE IS MOOT REQUIRING DISMISSAL

A case can become moot in a variety of ways such as by the defendant ceasing the challenged conduct or because the plaintiff has been made whole. When the defendant argues that a case has become moot because he has ceased the challenged activity, then the voluntary cessation doctrine applies. The doctrine provides that mere voluntary cessation of illegal conduct does not render a case moot unless it appears that there is no reasonable expectation that the wrong will be repeated. *See Barnes v. Healy,* 980 F.2d 572, 580 (9th Cir. 1992).

In the case at bar, as is readily apparent from a cursory review of the publicly available website at issue[1] ("Subject Website"), Defendant has made the necessary modification to the website so that the ADA accessibility features of the Subject Property are clearly listed through links in multiple locations on the Subject Website[2]. As can be seen from the screenshots below, the Subject Website provides all the necessary accessibility details required under the applicable ADA Standards:





---

[1] www.regaloaksorlando.com
[2] www.regaloaksorlando.com ; www.regaloaks.com/accessibility ; www.regaloaks.com/accommodations





The subject rooms are not hotel rooms. In fact, the subject rooms are individually owned condominium units. The Defendant is the managing agent that lists those condominium units available for rent by the individual unit owners on the Subject Website. This lawsuit was filed on March 30, 2022, seeking injunctive relief because Plaintiff, "intends to visit the online reservation services described herein in the near future, and within thirty (30) days, to book a hotel room…" (ECF No.1, Page 2). The above referenced changes to the Subject Website were made on or about April 19, 2022, which is less than thirty (30) days after the lawsuit filed and definitely less than thirty (30) days after the Defendant was served with the lawsuit. Therefore, if Plaintiff visited Defendant's Subject Website, Plaintiff would be able to discover that none of the individually owned condominium units are accessible units. Furthermore, the Defendant, as merely the managing entity that lists the condominium units for rent on the Subject Website, has

no authority to forcibly require the unit owners to make any alterations to their individually owned units. As a result, and for the foregoing reasons, this case is moot.

D.     **NO LIKELIHOOD OF FUTURE VIOLATIONS**

A case may be considered moot by the voluntary cessation of a defendant's allegedly wrongful conduct, "if the defendant can demonstrate that there is no reasonable expectation that the wrong will be repeated." *United States v. W.T. Grant Co.,* 345 U.S. 629, 633, 73 S.Ct. 894, 97 L.Ed. 1303 (1953). The matter to be determined here is whether the Defendant will violate the ADA by failing to permit disabled persons, such as Plaintiff, to rent a unit in the same manner as an ADA accessible room. Here, as stated above, there are no accessible condominium units owned by separate individual owners. Therefore, it is not possible for Defendant to violate the ADA and provide an accessible unit in the same manner as a non-accessible unit as no accessible units exist. Furthermore, Defendant has no authority to force the individual unit owners to make any alterations to their units. Therefore, there is no likelihood at all that the Defendant would violate the ADA, as alleged in the Complaint, in the future negating the need for an injunction. *See Access for the Disabled v. Brinker Florida, Inc.,* No. 02–60314–JEM (S.D. Fla. Jan. 15, 2003) (An issue may become moot "when actions subsequent to the commencement of a lawsuit create an environment in which the Court can no longer give meaningful relief.") *See also Access Now, Inc., et al. v. Prime Retail, Ltd.,* No. 02- 20287, slip op. at 15 (S.D. Fla. May 1, 2003) (summary judgment for mall where all items were either modified or modifications were not "readily achievable").

WHEREFORE, Defendant respectfully requests that this Honorable Court, dismiss the Complaint, award attorney's fees and costs pursuant to *42 U.S.C. §12205*, and any further relief deemed just and proper.

### CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on this 26th day of May, 2022, the foregoing was served electronically to all the attorneys of record list in the service list.

**BOGEN LAW GROUP, P.A.**

 /s/ Michael Bogen
Michael Bogen, Esq.
Fla. Bar No. 84898
Bogen Law Group, P.A.
7351 Wiles Road, Suite 202
Coral Springs, FL 33067
Tel:    954-525-0751
Email:  Michael@condolaw.com
*Counsel for Defendant*